IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN FOWLIE,

    Petitioner,                    No. 2: 08-cv-2744 GEB KJN P

    vs.

D.K. SISTO,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his federal constitutional right to due process was violated by a 2006 decision of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date.  Petitioner also raises the following additional claims: 1) the decision to defer his next suitability hearing for two years violated his right to due process; 2) California Penal Code § 3041 is unconstitutionally vague; and 3) violation of the Equal Protection clause.

        For the following reasons, the undersigned recommends that the petition be denied.

////

II. Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

In Williams (Terry) v. Taylor, 529 U.S. 362 (2000), the Supreme Court defined the operative review standard in a habeas corpus action brought pursuant to 28 U.S.C. § 2254. Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 405. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law; or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Id. at 407-08. It is this prong of the AEDPA standard of review which directs deference be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19 (2002).

"Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76 (2006) (established law not permitting state sponsored practices to

inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority, in arriving at their decision. Early v. Packer, 537 U.S. 3 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

When reviewing a state court's summary denial of a claim, the court "looks through" the summary disposition to the last reasoned decision. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000).

III. Analysis

    A. Claim One: Alleged Violation of Due Process During 2006 Hearing

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest

1  protected by the Due Process Clause and then show that the procedures attendant upon the
2  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,
3  490 U.S. 454, 459-60 (1989).
4         A protected liberty interest may arise from either the Due Process Clause of the
5  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
6  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,
7  221 (2005) (citations omitted); see also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).
8  The United States Constitution does not, of its own force, create a protected liberty interest in a
9  parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);
10 Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or
11 inherent right of a convicted person to be conditionally released before the expiration of a valid
12 sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a
13 presumption that parole release will be granted' when or unless certain designated findings are
14 made, and thereby gives rise to a constitutional liberty interest."  Greenholtz, 442 U.S. at 12; see
15 also Allen, 482 U.S. at 376-78.
16        California's parole statutes give rise to a liberty interest in parole protected by the
17 federal due process clause.  Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL
18 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless
19 there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181,
20 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in
21 Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports
22 converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,
23 2011 WL 197627, at *3.  In other words, the Court specifically rejected the notion that there can
24 be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a
25 parole proceeding.  Id. at *3.  Rather, the protection afforded by the federal due process clause to
26 California parole decisions consists solely of  the "minimal" procedural requirements set forth in

Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.

Here, the record reflects that petitioner was present at the 2006 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 1 at 48-152.) According to the United States Supreme Court, the federal due process clause requires no more. For these reasons, this claim should be denied.

### B.  Claim Two: Alleged Violation of Due Process re: Decision to Defer

Petitioner alleges that the Board's decision to defer his next suitability hearing for two years violated his right to due process. In support of this claim, petitioner argues that at his previous suitability hearing, he had received a one year deferral. Petitioner appears to argue that the decision to defer his next suitability hearing for two years was not supported by sufficient evidence.

This claim appears to be based entirely on state law. Federal habeas corpus relief does not lie for a violation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner has cited no federal authority for the proposition that a due process violation results if a state parole board defers parole suitability hearings beyond a certain period of time. Cf. Garner v. Jones, 529 U.S. 244, 251-52 (2000) (retroactive application of Board's amended rule, changing frequency of required reconsideration hearings for inmates serving life sentences from every three years to every eight years, did not necessarily violate Ex Post Facto Clause); Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 501 (1995) (California statute amending parole procedures to allow the Board to decrease the frequency of parole suitability hearings under certain circumstances did not violate Ex Post Facto Clause as applied to petitioner who was convicted prior to the amendment).

Even if the Board's decision to defer petitioner's next parole suitability hearing for two years was in violation of some provision of California law, a violation of state mandated procedures will constitute a due process violation only if it brings about a fundamentally unfair

1  result. Estelle, 502 U.S. at 65. Because petitioner received all the process he was due at the
2  2006 suitability hearing, the undersigned does not find that the Board's deferral of his next
3  hearing for two years was fundamentally unfair. Accordingly, this claim should be denied.

          C.   Claim Three: Alleged Vagueness of California Penal Code § 3041

5         Petitioner argues that the statute relied on by the Board to find him unsuitable,
6  California Penal Code § 3041, is unconstitutionally vague.

7         The Due Process Clause does not require the same precision in the drafting of
8  parole release statutes as is required in penal laws. Hess v. Board of Parole and Post-Prison
9  Supervision, 514 F.3d 909, 913-14 (9th Cir. 2008). A prisoner's vagueness challenge to the
10 standards applicable at a parole hearing fails where the prisoner had received the process due
11 under the decision in Greenholtz v. Inmates of Neb. Penal, supra. Butler v. Calderon, 1998 WL
12 387612, at *5 (N.D. Cal. July 6, 1998). As discussed above, petitioner's parole hearing satisfied
13 due process requirements. Therefore, his vagueness claim is without merit. Id.; see also Glauner
14 v. Miller, 184 F.3d 1053, 1055 (9th Cir. 1999) (statute requiring that an inmate be certified "not a
15 menace to the health, safety or morals of others" for parole eligibility was not unconstitutionally
16 vague); Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987) (rejecting claim that
17 due process required articulation of a standard definition of "significant planning and
18 preparation" in the parole context).

19        Similar claims challenging California parole regulations on vagueness grounds
20 have also been rejected by several district courts. See Winston v. California Bd. of Prison
21 Terms, 2006 WL 845584, at *2 (E.D. Cal. Mar.31, 2006); Sariaslan v. Butler, 2004 WL
22 2203472, at *5 (N.D. Cal. Sept.28, 2004); Masoner v. California, 2004 WL 1080177, at *1 (C.D.
23 Cal. Jan.23, 2004).

24        For the reasons discussed above, petitioner's claim that California Penal Code §
25 3041 is unconstitutionally vague should be denied.
26 ////

D. <u>Claim Four: Alleged Equal Protection Violation</u>

Petitioner argues that he is being denied the benefit of earned behavioral credits in violation of the Equal Protection Clause. Petitioner argues that all prisoners serving life terms are eligible to earn post-conviction earned behavioral credits to reduce the actual time served. Petitioner argues that the "California Executive has established an 'amorphous practice' . . . of failing to set the term or apply the earned credits until long after the term has been served in its entirety, thus reducing the concept of earned post-conviction credits to a meaningless intellectual exercise." (Dkt. 1, at 42.)

While petitioner claims that he has been denied behavioral credits, he alleges no facts to support this claim. In any event, an inmate serving a life term cannot be released on parole until his minimum eligible parole date ("MEPD"). Cal.Code Regs. tit. 15, § 2000(b)(67). Regardless of the inmate's MEPD, he will not be released on parole until the Board finds him suitable for parole. <u>Id</u>. Once the inmate is found suitable for parole, the actual term of incarceration is not determined by the statutory credits, but by the Board. <u>Id</u>.; Cal.Code Regs. tit. 15, §§ 2401(a), 2403. The Board sets a base term of confinement, and has the discretion to shorten that term through a separate post-conviction credit scheme. Cal.Code Regs. tit. 15, §§ 2403, 2401. Therefore, the duration of an inmate's incarceration on a life term is determined by the Board, not by statutory credit earnings and losses.

Because petitioner has not been found suitable for parole, his claim that the Board failed to grant him credits is without merit. For these reasons, this claim is without merit.

<u>Conclusion</u>

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files
3  objections, he shall also address whether a certificate of appealability should issue and, if so, why
4  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
5  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §
6  2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after
7  service of the objections.  The parties are advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
9  F.2d 1153 (9th Cir. 1991).

DATED:  February 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fow2744.157